***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Holmes and the briefs and arguments of the parties before the Full Commission. The appealing party has shown good ground to reconsider the evidence; receive further evidence; and rehear the parties or their representatives. Accordingly, the Full Commission reverses the Decision and Order of Deputy Commissioner Holmes and enters the following Decision and Order.
 *********** EVIDENTIARY MATTERS
At the hearing before the Full Commission the parties stipulated to the admission of Plaintiff's exhibits 1A through 36 inclusive, and those exhibits are now part of the record in this matter.
 *********** *Page 2 
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff Jamey Wilkins is a prison inmate incarcerated in the custody and control of Defendant North Carolina Department of Correction. Plaintiff has alleged that an employee of Defendant at Lanesboro Correctional Institution, Officer Anthony Barker, was negligent in unlocking his cell door without two officers being present and without Plaintiff being fully restrained.
2. On June 13, 2007, Plaintiff was assigned to segregation at Lanesboro Correctional Institution.
3. Under N.C. Department of Correction (DOC) policy and procedure, the cell door of an inmate on the segregation unit must only be opened in the presence of two officers and only after the inmate is fully restrained.
4. At the time of the assault, Officer Alexander Gaddy was returning inmates to their cells in the segregation unit. Officer Anthony Barker was stationed in the control room and was responsible for opening and closing the cell doors.
5. As Officer Gaddy was returning the inmates to their cells, he entered into a verbal altercation with Plaintiff. Plaintiff then requested a grievance form in order to make a complaint against Officer Gaddy for the language that was being used and for Officer Gaddy's behavior. As the verbal exchange continued, Officer Gaddy threatened Plaintiff with physical harm if Plaintiff continued to demand the grievance form.
6. Officer Gaddy motioned to Officer Barker to open Plaintiff's cell door. Officer Barker had not received a radio communication to open the door and there was only one officer *Page 3 
present at Plaintiff's door, Officer Gaddy. In spite of the established N.C. DOC policy requiring two officers to be present, and the inmate to be fully restrained before opening the cell door, Officer Barker opened Plaintiff's cell door anyway.
7. The Full Commission finds that Defendant, through its officers, including Officer Barker, had a duty to Plaintiff to use reasonable care to protect him from the dangers of having his cell door opened in violation of Defendant's policy.
8. Officer Barker breached his duty to Plaintiff by opening Plaintiff's cell door when Plaintiff had not been fully restrained and when two officers were not present at the cell door.
9. When the cell door opened, Officer Gaddy entered Plaintiff's cell and assaulted Plaintiff. Eventually, Officer Gaddy restrained Plaintiff when Officer Wall entered the cell and assisted Officer Gaddy in picking Plaintiff off the floor and placing him back into his cell.
10. As a result of the assault by Officer Gaddy, Plaintiff suffered injuries, including: elevated and uncontrolled blood pressure, migraine headaches, back pain, a bruised heel, and aggravation of pre-existing psychological conditions.
11. Plaintiff's testimony was corroborated by three other witnesses: Robert Williams, Clinton Dunning, and Carlos Wright.
12. The Full Commission finds that, due to Officer Barker's negligence, Plaintiff was assaulted and suffered injuries and that the assault and injuries suffered were a direct and proximate result of Officer Barker's negligence.
13. The Full Commission finds Officer Gaddy's version of events to be against the greater weight of the evidence and therefore assigns no weight to his testimony. There is no evidence of record that Plaintiff instigated a physical confrontation with Officer Gaddy, or that Plaintiff was contributorily negligent in any manner. *Page 4 
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers the Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation and all other departments, institutions and agencies of the State. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkhir v. N.C. StateUniversity, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
2. In order to recover on a civil claim for negligence, a claimant must prove: (1) the existence of a duty to him; (2) a breach of that duty by the defendant (the named employees thereof in a tort claim); (3) injury sustained; and (4) that the injury sustained was a proximate result of the breach of duty. Pulley v. RexHospital, 326 N.C. 701, 392 S.E.2d 380 (1990). Plaintiff has the burden of proof on all these elements and must prove his case by a preponderance of the evidence.
3. Defendant, through its officers, including Officer Barker, had a duty to Plaintiff to use reasonable care to protect him from the dangers of having his cell door opened in violation of Defendant's policy. Defendant's policy of having two officers present at the door, and having the inmate restrained prior to the door being opened, are to protect not only the employees of Defendant, but to protect the inmates as well. N.C. Gen. Stat. § 143-291.
4. Defendant, through the conduct of its officers, breached its duty of reasonable care by allowing Plaintiff's door to be opened without the appropriate safety protocols in place and that breach resulted in Plaintiff being assaulted and injured. Id. *Page 5 
5. The injuries to Plaintiff were actually and proximately caused by Defendant's negligence. Id.
6. Plaintiff sustained physical injuries and has suffered significant emotional distress directly attributable to the physical injuries he received. A sum of $500.00 is a reasonable amount to compensate Plaintiff for his damages. N.C. Gen. Stat. § 143-291 et seq.
7. Plaintiff is entitled to receive the sum of $500.00 from Defendant as monetary damages in this claim. N.C. Gen. Stat. § 143-291.
 ***********
Based upon the foregoing findings of fact and conclusion of law, the Full Commission enters the following:
 ORDER
1. Defendant SHALL pay to Plaintiff the sum of $500.00 as monetary damages.
2. Defendant shall pay the costs.
This the 29th day of April, 2011.
 S/_________________
 DANNY LEE McDONALD
 COMMISSIONER
CONCURRING:
S/_____________________ BERNADINE S. BALLANCE COMMISSIONER *Page 6 
S/_______________ PAMELA T. YOUNG CHAIR